IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) | CIV. NO. 11-00672 SOM-KSC |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO AMEND COMPLAINT AND DISMISSING ACTION |
| vs. | ) ) | |
| CORRECTIONAL OFFICER LAU, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO AMEND COMPLAINT AND DISMISSING ACTION**

On November 11, 2011, this court dismissed *pro se* Plaintiff Gerald Lewis Austin's prisoner civil rights complaint for its failure to state a cognizable claim. ECF #4. Austin was given leave to amend his claims to cure the Complaint's pleading deficiencies. Austin is incarcerated at the Halawa Correctional Facility ("HCF"). Before the court is Austin's Motion to Amend Complaint ("Motion") and proposed first amended complaint ("FAC"). *See* ECF #8 & 14. The FAC again names Correctional Officer Lau ("Lau") in his individual and official capacities, alleging that Lau threatened him in violation of the Eighth Amendment.[1]

Austin's Motion is DENIED and this action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)

---

[1] Although Austin also names others in the FAC's caption, he prefaces their names with "Witness," and makes clear that they are witnesses to his allegations against Lau, not perpetrators.

and 1915(A)(b)(1).  Because amendment is futile, this dismissal is with prejudice.  All pending motions are DENIED.

## II. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

//

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  The FAC Fails to State A Claim**

There is little discernible difference between the original Complaint and the FAC, except that Austin now seeks a billion dollars instead of a million dollars.  Austin still claims that, on or about July 12, 2011, Lau threatened to "bounce [Austin's] head up and down Mainstreet," threw Austin's identification card on the floor, swore at Austin, and told him to go back to his cell.  FAC, ECF #14 at 5.  Austin says he was frightened that Lau would "actually assault" him.  *Id.*

As the court informed Austin in the November 8, 2011, Order dismissing his original Complaint, verbal harassment or abuse, even the use of racial epithets, does not rise to the level of a constitutional deprivation. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 880 F.2d 136, 139 (9th Cir. 1987) (holding that

"disrespectful and assaultive comments" do not rise to a constitutional violation). Even a threat of harm is insufficient to establish a constitutional wrong. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong."). Unless the verbal harassment was "calculated to *and did* cause . . . psychological damage," it does not state a claim under the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (comments that denied inmate "peace of mind" but were not alleged to be "unusually gross even for a prison setting" do not state a claim) (emphasis added), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Austin's claim amounts to no more than verbal harassment; it does not rise to the level of psychological harm. While Austin says that he was frightened that Lau would assault him, it is implausible that, in the context of a prison, Lau's alleged one-time threats caused Austin serious or longlasting psychological harm.  Austin's Motion to Amend the Complaint is DENIED.  Because further amendment is obviously futile, this action is DISMISSED with prejudice.

**B.   Austin's Motion for Supplemental Pleading**

Austin also submits a "supplemental pleading" that appears to be a handwritten copy of parts of the Federal Rules of Civil Procedure, this court's Order dismissing his original

5

Complaint, and possibly Corpus Juris Secundum.  Although unclear, it appears that Austin believes that his original Complaint was dismissed solely because he submitted the incorrect *in forma pauperis* ["IFP"] application.  To clarify, the court denied Austin's first IFP request because it was not on the proper form and consequently, lacked his signed consent to collection of fees from his prison trust account.  Austin's original Complaint was dismissed because it failed to state a cognizable claim for a violation of the Constitution or laws of the United States.

### IV.  CONCLUSION

Austin's Motion to File Amended Complaint is DENIED.  Austin's action is DISMISSED with prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  This dismissal may be counted as strike pursuant to 28 U.S.C. § 1915(g).  All pending motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 30, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Austin v. Lau,* Civ. No. 11-00672 SOM-KSC, Order Denying Motion to Amend Complaint and Dismissing Action; psas/Screening/dmp/ 2011/Austin 11-672 SOM (final dsm ftsc)