IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD LEWIS AUSTIN, #A1076082,  )<br><br>        Plaintiff,    )<br>                  )<br>    vs.           )<br>                  )<br>LAU,              )<br>                  )<br>        Defendant.    )<br>_____ ) | CIV. NO. 11-00672 SOM/KSC<br><br>ORDER DENYING REQUEST TO<br>EXTEND TIME TO APPEAL |

### ORDER DENYING REQUEST TO EXTEND TIME TO APPEAL

On November 8, 2011, the court dismissed *pro se* plaintiff Gerald Lewis Austin's prisoner civil rights complaint for failure to state a claim. *See* ECF #4. Plaintiff was granted leave to amend to cure the complaint's pleading deficiencies. *Id.* On November 28, 2011, Plaintiff moved to amend his Complaint, submitted a proposed amended complaint, and requested *in forma pauperis* status. ECF #8, #13, #14. On November 29, 2011, the court granted Plaintiff's *in forma pauperis* application. ECF #15.

Plaintiff's proposed amended complaint was virtually identical to the original Complaint, however, and did not address any of the court's noted deficiencies. *See* ECF #14. On November 30, 2011, the court denied Plaintiff's motion to amend the complaint and dismissed this action for Plaintiff's failure to state a claim or cure the original complaint's deficiencies. ECF #16. Judgment was entered that day. ECF #17.

On February 15, 2012, Plaintiff submitted a letter to the Clerk of Court explaining that he intends to file a notice of appeal in this action and seeks an extension of time to do so. ECF #22. Plaintiff says he needs time to make copies of his documents before he submits a notice of appeal and an *in forma pauperis* application for his appeal.[1]

The deadline for filing a notice of appeal in this action was December 30, 2011. *See* Fed. R. App. 4(a)(1). That date can be extended until January 29, 2012, under Rule 4(a)(5), if the court construes Plaintiff's letter as a motion for an extension of time, and if Plaintiff's motion shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5).

Plaintiff's letter was signed on February 13, 2012, however, and is therefore untimely. Moreover, even if it was timely, Plaintiff provides no adequate explanation showing good cause or excusable neglect for extending the time to appeal. *See* Fed. R. App. 4(a)(5)(A)(ii). To the contrary, Plaintiff has filed numerous actions, motions, amended pleadings, letters, and exhibits in his recent cases, yet fails to provide any

---

[1] Plaintiff submitted one letter that referenced two other cases in which he is also intending to seek an extension of time to appeal. *See Austin v. Van Winkle*, 1:11-cv-00691 SOM (closed 12/20/2011); *Austin v. Padilla*, 1:11-cv-00693 DAE (closed 12/19/2011). On February 16, 2012, Plaintiff submitted a document in 1:11-cv-00693 DAE that appears to be a notice of appeal, and a collection of documents in 1:11-cv-00691 SOM that is unexplained.

justification to extend the time to appeal in this case, even if the court had jurisdiction to do so.² Plaintiff's motion to extend time to appeal is DENIED.

In light of Plaintiff's *pro se* status, the Clerk is DIRECTED to nonetheless process Plaintiff's request as his notice of appeal. Plaintiff may then direct his request for an extension of time to appeal to the appellate court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 21, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Austin v. Lau*, Civ. No. 11-00672 SOM-KSC; psas\Non-dsp Ords\dmp 2012 Austin 11-672 SOM (dny m.ext time to appeal)

---

² Plaintiff has recently filed eight civil actions, most of which were dismissed as frivolous or for failure to state a claim. *See Austin v. Kaawa*, 1:10-cv-00693-SOM; *Austin v. Papa John's Pizza*, 1:11-cv-00683-DAE-RLP; *Austin v. Stevens*, 1:11-cv-00690 SOM, *Austin v. Van Winkle*, 1:11-cv-00691 SOM, *Austin v. Tyler*, 1:11-cv-00692 JMS, *Austin v. Padilla*, 1:11-cv-00693 DAE, *Austin v. Momoa*, 1:11-cv-00707 DAE, *Austin v. Mail Room*, 1:11-cv-00708 JMS.